Porter, J.
delivered the opinion of the court. The defendant was sued as indorser on a promissory note, made by one Blunt, in payment of a tract purchased by him, from the plaintiff.
By the facts on record it appears, that a judgment by default was taken against defendant, which was afterwards made final. Before it was signed, application was made to the court to reconsider its former opinion; this was acceded to, and after argument, the judge directed that the judgment already given be set aside, and the cause stand continued. From this order or decision the *275 plaintiff has appealed, and alleges, on several . , . . . grounds, that it is erroneous, and ought to be reversed.
The defendant and appellee meets the plaintiff, by averring that the decision is not such a one, as can be appealed from. To ascertain whether this objection is well taken, we must examine if it is a final judgment, or a decree of such a nature as will occasion a grievance irreparable to the party against whom it is given.
It is not a final judgment; for the cause is yet pending and stands continued. Nor do we consider that any final judgment has been given in this case. That which the court set aside was not one, for it had not the judge’s signature, which is required by our law to make a judgment complete. 2 Martin's Dig. 164. 10 Martin, 178-9.
It does not work a grievance irreparable; it is quite different from the case of Prampin vs. Andry. 4 Martin, 314, to which we have been referred, and from all the other cases decided in this court upon that principle. Without referring to each particular decision, it will be found that those were cases where the judge a quo refused the parties a *276 new trial or continuance; deprived them of the benefit of a judgment obtained; set aside some process or writ given in the preliminary stages of a suit, to secure the plaintiff’s rights, or discharged the defendant out of custody, when arrested. If the judge erred in the instances just put, the party was without remedy, and the injury irreparable. Supposing a mistake in this case, no such consequence is perceived; the cause stands continued, the parties will have it tried, and it is presumed, as fairly, one term as another; mere delay cannot be regarded as an irreparable injury. 3 Martin, 171. 9 id. 494. 10 id. 444.
It is therefore ordered, adjudged and decreed, that the appeal be dismissed with costs.