IN

# THE SUPREME COURT

OF

# THE STATE OF LOUISIANA.

EASTERN DISTRICT, DECEMBER TERM, 1825.*

## MARK vs. BOWERS.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This action was brought against the defendant as one of the partners of the late firm of Talcott & Bowers, and his responsibility is alleged to have arisen from a consignment of whiskey made to the firm, and sold by Talcott after the dissolution of the partnership, in the discharge of his duty of liquidator of the affairs of the firm.

The answer admits the partnership: the receipt of the property by Talcott, and its

*If goods are sent to commission merchants, and they hand them over to a third person for sale without the order of the principal, they are responsible. Novation must be expressed, or clearly established.*

* There were no cases decided in the western district this year, in consequence of the indisposition of two of the judges.

MARK
vs.
BOWERS.

sale as alleged in the petition : but denies that the defendant is liable, because the plaintiff was informed of the dissolution of the firm, and of his property being placed in the hands of Talcott, and that with a knowledge of this fact. recognised him as his, the plaintiff's agent, and considered him alone as his debtor.

There is a further plea that the plaintiff suffered Talcott to retain the money in his hands until he failed, viz: for the space of 18 months, and also that he gave directions to Talcott alone, and in his individual capacity, as to the disposal of the funds proceeding from the sale.

The partnership was dissolved on the 28th of January, 1822, and in the notice of the dissolution, it was stated that Talcott was fully authorised to settle the affairs of the concern.

A copy of this notice was inclosed to the plaintiff by Talcott, who stated that he should, in future, transact business in his own name. And on the same day he writes to plaintiff another letter, that the late firm of Talcott & Bowers, had received, a few days since, 29

barrels of whiskey on his account, and that
he, Talcott, had made sales of it at 30 cents.

There was another lot of whiskey which did not reach the hands of Talcott until the 7th of March, but both parcels were shipped before notice of the dissolution of the partnership reached the plaintiff.

On these facts, two questions of law arise.

1. Whether the firm of Talcott & Bowers, was responsible to the plaintiff?

2. And if it was, has that responsibility been released or discharged?

I. The goods being shipped to Talcott & Bowers, before notice of the dissolution of the partnership was received by the plaintiff; we think there can be no doubt, it was their duty to sell them as directed, or hold them subject to any ulterior disposition the plaintiff might make of them. And it is very clear to us, that if they sold them, either through the agency of a member of the firm, or by that of a third person, before they received directions so to do, they were responsible to the same extent as if they had made the sales themselves. The confidence reposed was personal, and the principal had the right to designate his own

MARK
*vs.*
BOWERS.

agents, in case those he selected in the first instance were unable to act.

II. The responsibility being thus in our opinion once fixed, the remaining question is, has it been discharged, or in other words, has novation taken place? This point is still clearer, than that just decided. Nothing in the record enables us to decide, the plaintiff ever intended to release the partnership from their responsibility. The expressions used in his letter, acknowledging the receipt of the account sales, if taken alone, would raise a presumption of that kind; but that presumption is much weakened by the fact of Talcott being charged with the settlement of the partnership affairs, and the evidence leaving it quite doubtful whether the plaintiff corresponded with him in that capacity, or in his individual character. Admitting, however, the inference to be that it was in the latter, it does not enable us to say there was novation, for that must be express, or so clearly result from the proof, that not a doubt can exist in regard to it.—*Civ. Code.* 296, 174. 9 *Martin*, 268. *ibid. N. S.* 144.

It is therefore ordered, adjudged and de-

creed, that the judgment of the District Court be affirmed with costs.

*Strawbridge* for the plaintiff, *Peirce* for the defendant.